UNITED STATES, Appellee,

v.

Timothy J. HOFBAUER, Private, U. S. Army, Appellant.

No. 33,136.

CM 432540.

U. S. Court of Military Appeals.

Oct. 10, 1978.

Appearances: For Appellant—*Captain Robert D. Jones* (argued); *Colonel Alton H. Harvey* (on petition); *Colonel Robert B. Clarke; Lieutenant Colonel John R. Thornock* (on brief); *Major Benjamin A. Sims* (on brief).

For Appellee—*Captain Gary F. Thorne* (argued); *Colonel Thomas H. Davis* (on brief); *Major John T. Sherwood, Jr.* (on petition); *Captain Richard A. Gallivan* (on petition).

Opinion

COOK, Judge:

The accused challenges the correctness of rulings by the military judge at trial which admitted into evidence pretrial statements the accused had made to agents of the Federal Bureau of Investigation. The substance of the accused's contention is that his statements were obtained in the course of custodial questioning, during a joint investigation by the FBI and Army criminal investigators, where he was preliminarily advised he had a right to appointed counsel only if he could not afford counsel of his own selection.

Appellate defense counsel concede that, consistent with the Supreme Court's definition in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), of the constitutional right to counsel during custodial interrogation, this Court has held that the right to appointed military counsel is similarly "conditioned upon the accused's inability to retain private counsel." *United States v. Clark*, 22 U.S.C.M.A. 570, 48 C.M.R. 77 (1973). Nevertheless, counsel urge that we overturn *Clark*, and construe paragraph 140a(2) of the Manual for Courts-Martial, United States, 1969 (Revised edition),[1] as imposing a requirement that, as regards military practice, an ac-

---

1. In material part, paragraph 140a(2), Manual for Courts-Martial, United States, 1969 (Revised edition), provides as follows:

A statement is obtained in violation of the warning requirements as to the right to counsel if a person of the types described . .

cused must be accorded the right to military counsel, without regard to his financial condition.

*Clark* reaffirmed an earlier review and analysis by the Court in *United States v. Clayborne*[2] of paragraph 140*a*(2) of the Manual which impelled it to conclude that "[n]othing in . . . [its] language or in its background . . . indicates that the drafters intended to impose warning requirements beyond those stated in *Miranda* and adopted by this Court in *Tempia*" [16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967)].[3] Tracing parts of Judge Duncan's dissent in *Clark*, appellate defense counsel press upon us policy considerations pointing to the desirability of providing for appointed military counsel irrespective of the accused's means. *Clark* acknowledged the appeal of these considerations, but determined that enlargement of the right to counsel beyond its constitutional limits was a decision for the Congress or the President, "not one that this Court should make." 22 U.S.C.M.A. at 571, 48 C.M.R. at 78. Appellate defense counsel have referred to no new circumstances, and I find none, that indicate that *Clark* was wrongly decided. Accordingly, the trial judge's rulings as to the admissibility of the accused's pretrial statements were correct.

The decision of the United States Army Court of Military Review is affirmed.

Judge PERRY concurs in the result.

FLETCHER, Chief Judge (dissenting):

I believe the Government has failed to exhibit compliance with paragraph 140*a*(2), Manual for Courts-Martial, United States, 1969 ((Revised edition), concerning the right to counsel at the time of interrogation of the accused by agents of the Federal Bureau of Investigation and *United States Army Investigators.*

Paragraph 140*a*(2) of the Manual provides, in part, as follows:

A statement is obtained in violation of the warning requirements as to the right to counsel if a person [subject to the code or acting as an instrument of such a person or a unit of an armed force] . . obtained it by official interrogation from an accused or suspect when he was in custody without having, before any questioning, warned him of his right to consult, and to have with him at the interrogation . . . *if the interrogation is a United States military interrogation,* military counsel assigned to his case for the purpose. (Emphasis added).

I believe the language is unambiguous and not subject to the interpretation given it by the majority under the facts of this case.

I find that I am generally in agreement with the reasoning expressed by Judge Duncan in his dissent in *United States v. Clark,* 22 U.S.C.M.A. 571, 48 C.M.R. 78 (1973).

obtained it by official interrogation from an accused or suspect when he was in custody without having, before any questioning, warned him of his right to consult, and to have with him at the interrogation, civilian counsel provided by him (or, when entitled thereto, civilian counsel provided for him) or, if the interrogation is a United States military interrogation, military counsel assigned to his case for the purpose.

2. 22 U.S.C.M.A. 387, 389, 47 C.M.R. 239, 241 (1973).

3. 22 U.S.C.M.A. 570–71, 48 C.M.R. 77–78 (1973).