UNITED STATES

v.

**Staff Sergeant Jackie L. COX, FR 232–70–0181 United States Air Force.**

ACM 22913.

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Aug. 1980.

Decided 26 June 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens, and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter and Captain David K. Frank, USAFR.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

## DECISION

MILLER, Judge:

Tried by a general court-martial, consisting of members, the accused was convicted, contrary to his pleas, of committing two lewd and lascivious acts and one act of sodomy. The lewd and lascivious acts, consisted of fondling his four year old female victim's genital region and having her masturbate him. The sodomy occurred when the accused engaged the victim in an act of fellatio. The approved sentence consisted of a bad conduct discharge, ten years confinement at hard labor, forfeiture of $150.00 per month for ten years, and reduction to airman basic.

The sole assigned error alleges that the trial judge wrongly admitted out of court utterances of the victim to her father as spontaneous exclamations.

According the the evidence, the victim returned home and awakened her mother immediately following the offenses. The mother described her daughter as having been "wide-eyed, red-faced, sweaty, and excited" at the time. "She couldn't stand still", and "her clothes were on backward." The child immediately told her mother that a man had given her candy. Shortly thereafter she added that the man had also "made ice cream."

In response to her mother's request, the victim led her to the house where these events had occurred. While in route, the girl related that the man had told her to "come back tomorrow" and not to tell anyone what had happened. Upon returning home, the mother contacted the victim's father. He arrived 15 minutes later.

After both parents had assured their daughter that she would not get in trouble for violating the accused's exhortation "not to tell anyone what happened", the girl, still excited, coherently related to them the events that had occurred a short time earlier. Although phrased in language dictated by a four-year old's knowledge and experience, she explicitly described both her participation in the offenses charged and her observation of the accused ejaculating.

Military *stare decisis* includes three requirements propounded by Dean Wigmore[1] as necessary for the admissibility of utterances as spontaneous exclamations, to wit:

> ... (a) a startling occasion, (b) a statement made before time to fabricate ... (and) ... (c) a relationship of the statement to the circumstances of the occurrence.

*United States v. Mounts*, 1 U.S.C.M.A. 114, 119, 2 C.M.R. 20, 25 (1952); *United States v. James*, 38 C.M.R. 637 (ABR 1966).

It is axiomatic that these requirements must be considered in light of the knowledge and experience of particular declarants[2]. For example, where, as here, the declarant is a four-year old child, the re-

---

1.  6 Wigmore, Evidence § 1750 (Chadbourn rev. 1976).

2.  *See* 6 Wigmore, Evidence, *supra*, §§ 1747 and 1751.

quired occurrence must be of a nature to startle a four-year old child.

 Having carefully considered the entire scenario described by the child's mother at trial, in light of the knowledge and experience of a four-year old, we are convinced that the magical production of "melted ice cream" from a source such as that indicated by the declarant, constituted a startling event to her. Likewise, it is clear to us that a child of such tender age would most certainly have gravely regarded an exhortation by the possessor of such magical powers, not to tell anyone about them.

Simply stated, we believe that the accused's production of "ice cream" generated such excitement in the little girl (i. e. was of such a startling nature), that despite the gravity with which she regarded the exhortation, she could not keep the excitement to herself. She therefore awakened her mother for the purported purpose of telling her only that she had been "given a piece of candy." After having initially mentioned "ice cream" production in her excitement, however, she quickly remembered the exhortation and the imagined consequences of its violation. Being unable to further disregard such consequences, she thereafter, steadfastly refused to further violate the exhortation by providing additional details, until she had obtained the assurances and sense of security provided by both her parents, approximately a half-hour after the events themselves had occurred.

We are convinced that under such circumstances, neither the delay nor the continued efforts of her parents to encourage an honest revelation of exactly what happened in the accused's home, decreased the credibility of her vivid and exciting recollection of the startling experiences that initially caused her to awaken her mother.

Based on this analysis, we conclude that: (1) the utterances about which the mother testified concerned circumstances of an event startling to the declarant; (2) the utterances were made by the declarant while she was still excited as a result of that startling event, and before she had time to rationally deliberate and fabricate; and (3) the utterances were in fact related to the circumstances of a startling event for which independent evidence exists.[3] These conclusions amply support the military judge's ruling that the declarant's statements to her parents constituted a spontaneous exclamation. *United States v. Mounts, supra, United States v. Anderson,* 10 U.S.C.M.A. 200, 27 C.M.R. 274 (1959), *United States v. Knight,* 12 U.S.C.M.A. 229, 30 C.M.R. 229 (1961), and *United States v. Gaskin,* 12 U.S.C.M.A. 419, 31 C.M.R. 5 (1961).

Accordingly, the findings and sentences are

AFFIRMED.

---

**3.** In addition to the fact that the victim's clothes were on backward, a neighbor had seen her at the door of the accused's house talking to someone behind the screen at approximately the time of the incident.