UNITED STATES, Appellee,

v.

Specialist Five Charles ARNOLD, SSN 253–74–8023, United States Army, Appellant.

CM 442627.

U.S. Army Court of Military Review.

30 May 1984.

form Code of Military Justice, 10 U.S.C. 934 and 880 (1976), and of rape of a fellow soldier in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. 920 (1976). He pleaded not guilty to all charges, but was found guilty by a general court-martial of officer and enlisted members of the indecent liberties offense. The confinement portion of his adjudged sentence of a bad-conduct discharge, confinement at hard labor for five years, total forfeitures, and reduction to Private F-1 was reduced by the convening authority to three years, but otherwise was approved. The evidence supporting his conviction includes his confession and the statements his daughter made to (1) a school counselor; (2) a school nurse; and (3) an agent of the Criminal Investigation Command (CID). Of thirteen assignments of error by appellant, six relate to the admissibility of the three statements by his daughter. While this Court finds that two of the statements were admitted erroneously, we find no prejudice.

On November 5, 1981, at approximately 2130 hours, the incident involving the appellant and his daughter occurred. At 0820 hours the next morning, the daughter asked to speak to a school counselor. A conversation with the counselor took place at approximately 1000 hours and lasted for about one hour. Without benefit of leading questions or prompting, she detailed the incident of the previous evening. From 0820 hours and through the period of the conversation, her emotional reactions and appearance were distinctly abnormal. The school nurse was called in by the counselor and the daughter repeated her story. Subsequently, she was taken to the CID where she executed a sworn, written statement that again repeated the basic information she had given the counselor. The daughter was not called as a witness at the trial and all three statements were admitted into evidence, the first two as excited utterances under Rule 803(2), Military Rules of Evidence [hereinafter cited as Mil.R.Evid.], and the written statement under Rule

Captain Mark W. Harvey, JAGC, argued the cause for appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Major Robert C. Rhodes, Major Paul J. Luedtke, JAGC, Major Robert M. Ott, JAGC, Captain Barry Rothman, JAGC, and Captain Michael T. Kelly, JAGC.

Captain Edmond R. McCarthy, Jr., JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, and Captain Glenn D. Gillett, JAGC.

Before HANSEN, SU–BROWN, and COKER, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Judge:

Appellant was charged with committing indecent liberties and attempted carnal knowledge of his thirteen year old daughter in violation of Articles 134 and 80, Uni-

803(24), Mil.R.Evid., the so called residual hearsay exception.

 Under the particular facts and circumstances of this case, we find that the daughter's unsolicited and unquestioned statement to her counselor related to a startling event and was made by her while still under the stress of excitement caused by that event. Such declaration was, therefore, admissible at appellant's trial under Rule 803(2), Mil.R.Evid. *United States v. Urbina,* 14 M.J. 962 (A.C.M.R.1982), *pet. denied,* 15 M.J. 380 (C.M.A.1983). The facts do not support the same conclusion as to the declaration to the school nurse. While the two declarations were part of a continuous episode, the second was more a result of the counselor's action in initiating the discussion with the nurse and the statement more a result of their urgings and questions. Yet, we perceive no prejudice to appellant. The second declaration was basically a repetition of the first one, and therefore, was only cumulative in effect.[1]

 The statement to the CID does not fall within the meaning or intent of Rule 803(24), Mil.R.Evid. Initially, the Court questions whether the written out-of-court statement of a victim-witness, who is available, is admissible under any circumstances under Rule 803(24), Mil.R.Evid. The general heading of Rule 803, states that the unavailability of the declarant is not a prerequisite for admissibility. Yet, fifteen of the exceptions pertain to some type of records and not the personal testimony of a declarant-witness. Three pertain to reputation testimony where the declarant must be present and subject to cross-examination as to their opinion. Three pertain to impressions, intent and memory and the declarant again must be present and subject to cross-examination as to the basis of their testimony. Only two, excited utterances and medical diagnosis, permit the use of a declarant's personal out-of-court statement. Both recognize the peculiarity of circum-

stances surrounding such declarations provide strong circumstantial guarantees of trustworthiness. The requirements in Rule 803(24), Mil.R.Evid., as to notice, particularities, and reasonable efforts, when considered in the context of the total rule, militate strongly against the government position that mere absence, as opposed to unavailability, of a declarant is sufficient to admit the personal and out-of-court statement of such a declarant. The rule, in context, requires either the in-court testimony of the declarant to provide a basis for admissibility, peculiar circumstances that guarantee trustworthiness, or the unavailability of the witness. The specific language of Rule 803(24)(B) Mil.R.Evid., does indicate some necessity concerning availability. To accept the further government argument that a sworn, contemporaneous statement to the police is automatically more probative and trustworthy than in-court testimony would be a rejection of the American system of criminal justice as embodied in the fourth, fifth, and sixth amendments.

In the opinion of the Court, the only basis for the admissibility of the daughter's statement to the CID, under the facts and circumstances of this case, was Rule 804(b)(5), Mil.R.Evid. This exception to the Hearsay Rule appears specifically designed to address the problem of family members who are witnesses to an intra-family criminal offense. This rule requires a governmental showing of unavailability of the witness. In the case before the Court, the government failed utterly to show unavailability. Indeed, the record contains no evidence that the government used any of the normal prosecutorial or judicial means available to secure the presence of the witness, even though the trial judge offered the use of his judicial authority to do so.

However, as was the declaration to the school nurse, the statement to the CID was cumulative in content and effect. It pro-

---

1. We note in addition that this second declaration, with the proper foundation, may well have been admissible under Rule 803(4), Military Rules of Evidence, as a statement made for medical diagnosis and treatment. *See* Army Regulation 608–1, Personnel Affairs, Army Community Services Program, para. 7–5, (15 May 1983).

**562**

vided no additional evidence as to the offense. The government fully proved its case beyond a reasonable doubt through the appellant's confession and the corroborative evidence of the declaration to the school counselor. We find that the erroneous admission of the two statements did not materially prejudice the substantial rights of the appellant. In determining that his rights were not abridged, we note, the failure of appellant to request the presence of the witness, the failure to object to her absence, and the failure to raise any constitutional argument.

The remaining assignments of error are not meritorious.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge SU–BROWN concur.