**UNITED STATES**

v.

**Staff Sergeant Alfred L. WHITNEY, Jr.,
FR 085–42–2782 United States
Air Force.**

**ACM 24283.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Nov. 1983.

Decided 13 July 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Bruce T. Brown and Captain William Connelly, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Alfred E.T. Rusch, USAFR.

Before HODGSON, FORAY and O'HAIR, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

The principal issue before us is whether the military judge erred by admitting an alleged excited utterance by a three year old child concerning an event that occurred four days before. Appellate defense coun-

sel argue that Mil.R.Evid. 803(2)[1] requires that the declarant's statement be spontaneous, excited or impulsive rather than the product of reflection or deliberation. They contend that the Rule does not contemplate a four day delay between the event and a statement concerning it. We hold the trial judge erroneously admitted the statement, but finding no prejudice, we affirm.

## I

DA is the daughter of Technical Sergeant and Mrs. JA, and while the family was at dinner on the evening of 13 June 1983, she announced that, four days before, the accused had pulled down her pants and had her touch his "thing." At trial, through a motion *in limine*, the defense sought to exclude this testimony arguing that it did not come within the excited utterance exception to the hearsay rule. The Government countered by asserting that it was a "spontaneous statement" triggered by DA hearing her mother talk on the phone to "Larry" [the accused], and the child was still under the effects of the "startling event" that took place four days before. After hearing extended argument, the trial judge allowed the hearsay statement in evidence as an excited utterance.

As we stated in *United States v. Cox*, 11 M.J. 795 (A.F.C.M.R.), *pet. denied*, 12 M.J. 115 (1981), there are three separate requirements for a statement to be admitted as an excited utterance. They are: 1) the occurrence of a startling event; 2) a statement made in *close* chronological proximity thereto; and 3) a relationship between the statement and the circumstances of the occurrence. *See also United States v. Lemere*, 16 M.J. 682 (A.C.M.R.1983). What DA said the accused did to her was a startling event, and there was a material relationship between what she related and the offense charged. What is missing, of course, is the nearness of the child's statement to the event. The rationale for requiring that the utterance be made in close proximity to the event to which it relates is to insure that the statement is spontaneous, excited or impulsive rather than the production of reflection or deliberation. *United States v. Urbina*, 14 M.J. 962 (A.C.M.R.1982); *United States v. Hill*, 13 M.J. 882 (A.C.M.R.1982); *see also State v. Moorman*, 455 N.E.2d 495 (Ohio App.1982). Appellate government counsel urge that a child of DA's tender years would not deliberately fabricate such a statement, and therefore the utterance was impulsive and not the product of reflective thought. While this position has a certain appeal, it undermines the requirement that the utterance be made close in time to the startling event to which it relates.

The admission of an excited utterance is within the sound discretion of the trial judge, and his evidentiary ruling will be overturned only when there has been a clear abuse of that discretion. *State v. Conn*, 669 P.2d 585 (Ariz.App.1982); *People v. Petrella*, 336 N.W.2d 761 (Mich.App. 1983). While the excited utterance exception to Mil.R.Evid. 803(2) should be liberally applied in cases involving sexual assaults on young children, *State v. Gollon*, 115 Wis.2d 592, 340 N.W.2d 912 (App.1983), we are not aware of any case where an "excited utterance" made four days after the "startling event" was admitted into evidence. *Cf. United States v. Cox, supra* (statement to mother ½ hour after the occurrence admitted); *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050 (6th Cir.1983) (utterance made one hour and a half later properly considered); *People v. Ortega*, 672 P.2d 215 (Colo.App.1983) (statement by four year old boy made to mother and police officer the "next day" admitted); *United States v. Lemere, supra* (error to admit a statement made 12–14

---

1. The cited provision states:
   Rule 803. *Hearsay Exceptions; Availability of Declarant Immaterial*
   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   \* \* \* \* \* \*

   (2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

hours after the "startling event"); *United States v. Urbina, supra* (not error to admit child's statement to her mother made approximately an hour after the incident).

■■■■ We acknowledge there are no rigid guidelines for determining whether a statement is spontaneous. Both the trial court and the appellate courts consider the various factors relating to a statement's admissibility on a case by case basis. A key relevant factor in determining spontaneity is the length of time between the event and the statement. *See generally United States v. Iron Shell*, 633 F.2d 77 (8th Cir.1980). We find, under the facts of this case, that the lapse of time, i.e., four days between the startling event and the out-of-court statement, to be of such duration as to make inadmissible DA's disclosure to her parents. The trial judge erred in admitting the parents' testimony as to this statement. *United States v. Lemere, supra.*[2]

■■■ We now consider whether the trial judge's errant admission of DA's hearsay statement materially prejudiced a substantial right of the accused. We hold it did not.

DA testified that the accused led her to a shed in his back yard where he pulled her pants down and placed her hand on his "thing," i.e., penis. Later, he told her not to tell anybody. The child gave the same account of the incident to a social worker who testified, without objection, as to its contents.

After being given the codal warnings and advised of his rights to counsel, the accused verbally admitted to law enforcement officers that he had asked DA to go into his shed. While there he dropped his trousers and underwear and had her "touch" his penis after which he pulled her

pants down. A week later while he was in the hospital, he modified his previous statement slightly indicating that the incident occurred at approximately 1930 hours rather than at 1730 hours as he had first indicated.

At trial the accused repudiated his out-of-court statements and denied that he molested DA. He stated he had no recollection of making any statement admitting the acts charged, and if he did make such a statement it was because he was "nervous" and "under pressure," and the statement was made only for the purpose of getting the interviewers "off his back." His wife testified that she and the accused returned home "a bit after 1800," and he was never out of her sight for more than "two or three minutes."

Under the facts of this case we are convinced that the erroneous admissions of DA's hearsay statement did not affect the verdict. The test to be applied is stated in *United States v. Barnes*, 8 M.J. 115, 116 (C.M.A.1979):

> Error not of constitutional dimension may be harmless only upon the determination either that the finder of fact was not influenced by it, or that the error had but slight effect on the resolution of the issues of the case.

The child's account of the incident was subject to cross-examination. Her demeanor and maturity were observed by the members. The accused's incriminating pretrial statements dovetailed totally with her testimony. True, the accused contended the admissions were untrue and the result of his desire to terminate questioning, but the resolution of this issue was a question for the fact finder. We are convinced beyond a reasonable doubt that the admission of the challenged hearsay statement was harmless error and had no impact on the

---

2. Appellate government counsel suggest that the child's statement was also admissible under the residual hearsay exception of Mil.R.Evid. 803(24). We reject this argument concluding that the statement does not fall within the meaning and intent of the Rule. Since the child was available, her testimony was more probative on the point for which it was offered than

her statement. *See generally United States v. Arnold*, 18 M.J. 559 (A.C.M.R.1984); *United States v. White*, 17 M.J. 953 (A.F.C.M.R.1984); *United States v. Crayton*, 17 M.J. 932 (A.F.C.M.R. 1984); *United States v. Ruffin*, 12 M.J. 952 (A.F. C.M.R.1982); *contra Goldade v. State*, 674 P.2d 721, 728 (Wyo.1983) (Rose, J. dissenting).

findings. *United States v. Logan,* 18 M.J. 606 (A.F.C.M.R.1984). Further, we are convinced beyond a reasonable doubt of the accused's guilt of the offense charged. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c).

## II

■ Appellate defense counsel suggest that the confinement portion of the sentence is excessive. They invite our attention to the clemency recommendations of the accused's commander, section commander and first sergeant, all of whom urge a reduction in the period of confinement. We find some reduction in confinement at hard labor to be proper. Accordingly, we find appropriate only so much of sentence as provides for a dishonorable discharge, confinement at hard labor for three years and reduction to airman basic. The findings of guilty and the sentence, as modified, are

AFFIRMED.

FORAY, Senior Judge and O'HAIR, Judge, concur.