UNITED STATES, Appellee,

v.

Staff Sergeant Manuel R. MORENO,
526–98–1508, United States
Army, Appellant.

CM 449190.

U.S. Army Court of Military Review.

5 Oct. 1987.

For Appellant: Captain Alfred H. No-
votne, JAGC (argued); Lieutenant Colonel
Joel D. Miller, JAGC, Major Jerry W.
Peace, JAGC (on brief).

For Appellee: Captain Mark E. Frye,
JAGC (argued); Colonel Norman G. Coo-
per, JAGC, Lieutenant Colonel Gary F. Ro-
berson, JAGC, Captain Denise K. Vowell,
JAGC (on brief).

Before HOLDAWAY, KUCERA and
De GIULIO, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Judge:

Contrary to his pleas, a general court-
martial composed of officer members found
appellant guilty of one specification of sod-
omy and one specification of indecent acts.
He was sentenced to a bad-conduct dis-
charge and confinement for one year. The
convening authority approved the adjudged
sentence.

Appellant alleges, *inter alia*, that the
military judge erred by admitting appel-
lant's confession because it violated Article
31, Uniform Code of Military Justice
(UCMJ), 10 U.S.C. § 831, and Mil.R.Evid.
305(d)(1)(B) and that the military judge

erred by admitting hearsay statements, to include a video tape statement of the victim, which did not qualify as an exception under the residual hearsay exception, Mil.R.Evid. 804(b)(5). We disagree and affirm.

Appellant's wife, suspecting improper sexual acts by appellant and S, his 14–year–old stepson, caused the stepson to tell her of the sexual abuse. She reported the matter to the military police. Sworn statements were taken from appellant's wife, Mrs. Moreno, and S. The statement of S set forth his account of the sexual abuse. That evening appellant was apprehended, released to his commanding officer, and ordered to remain in the barracks. During the night appellant attempted suicide by a lethal drug overdose but was saved due to the diligence of unit members. Several days after the incident was reported S was interviewed by Ms. C, an employee of the State of Texas Department of Human Services (DHS).[1] S repeated the allegations against appellant and described in detail how he had been sexually abused. During this interview S stated that appellant had told him to tell his Mom that he had "lied about everything" or the "state would take us all away". At the request of a Criminal Investigation Command (CID) agent this meeting with S was videotaped.

Subsequently, Ms. C had the installation Social Work Services schedule an appointment for her with appellant. Appellant asked and Ms. C agreed to change the place of the meeting off the installation to Ms. C's office. Ms. C did not talk to the CID agent or the prosecutor prior to this meeting. Appellant was not escorted to the meeting and was not in custody during the meeting. At the meeting, Ms. C introduced herself as an employee of the Texas DHS and informed appellant that she needed to talk with him about S's allegations of sexual abuse. Appellant confessed to sexually abusing S. It is noted that prior to this interview the CID investigation had been closed and charges against the appellant preferred. It is also noted that Ms. C ultimately recommended no criminal trial but therapy and treatment for appellant and his family.

Although requested to appear as witnesses, Mrs. Moreno and S did not do so at the Article 32, (UCMJ) investigation. The stated reason for failure to appear was a family emergency in Arizona. At trial, after appellant was arraigned, the military judge ordered S be deposed based upon concerns that S would be unavailable at trial. On the morning of the deposition, a subpoena was served on S at school. While S was being prepared for the deposition at the Staff Judge Advocate's office, Mrs. Moreno arrived. She appeared angry and hysterical and attempted to take S from the office. In the presence of S, she stated over and over again, that if S were deposed or testified, he would be sending appellant to jail and she did not want that to happen. Mrs. Moreno expressed concern over what would happen to her and her five children if appellant was sentenced to confinement. After several hours of discussion, Mrs. Moreno permitted S to be deposed. Appellant and counsel were present at the deposition. Counsel declined to question S regarding his prior statements of sexual abuse apparently because of appellant's concern for S's mental health. During the deposition, S recanted his statement to the CID agents and to Ms. C. S refused to answer when asked if he would appear at trial. S stated that he loved his father, that he did not want him to go to prison or to be thrown out of the military, and that therapy and treatment would be beneficial for his family.

At some time after the deposition, S told his brother that some of the statements he made concerning the sexual abuse by appellant were lies.

When subpoenas were served on Mrs. Moreno and S ordering their appearance at appellant's court-martial, Mrs. Moreno refused to sign for them. The subpoenas were left in her screen door. Subsequently Mrs. Moreno recanted her statement to the

---

**1.** Fort Bliss, the installation to which appellant was assigned, has an agreement with local civil authorities permitting the Texas Department of Human Services to investigate child abuse cases.

CID in a handwritten note that she left with defense counsel. Mrs. Moreno took S to Canada and did not appear at trial. At trial the military judge ruled that Mrs. Moreno and S were unavailable to testify. Over defense objection, he admitted their sworn statements to the CID and the video tape interview by Ms. C of S. He also admitted, over defense objection, appellant's confession to Ms. C.

## I.

Admissibility of Appellant's Confession.

█ Article 31(b), UCMJ, provides:

No person subject to this chapter may interrogate, or request any statement from an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.

Armed forces criminal investigators cannot evade the duties imposed by Article 31, UCMJ, by utilizing a person not subject to the code as an instrument for eliciting disclosures without warning. *United States v. Holder*, 28 C.M.R. 14 (C.M.A.1959); *United States v. Grisham*, 16 C.M.R. 268, 270 (C.M.A.1954). Article 31, UCMJ, extends to a civilian investigator in two instances: (1) where the civilian and military investigations merge into an indivisible entity, and (2) when the civilian investigator acts in furtherance of any military investigation, or as an instrument of the military.

*United States v. Penn*, 39 C.M.R. 194, 199 (C.M.A.1969). It is clear from the record of trial that Ms. C's investigation did not merge into the CID's investigation. Pursuant to a memorandum of understanding, Ms. C was obligated to investigate child abuse cases on the installation from the social services standpoint. She had an independent duty to interview appellant under Texas law. Significantly, at the time of the interview, the CID case concerning appellant was closed. It is also significant that Ms. C recommended no criminal trial and that appellant and his family received therapy and treatment through her department. Under the circumstances of this case, we find that the investigations did not merge and that Ms. C was not acting as an instrument of the military. Therefore, Ms. C was not required to give appellant Article 31, UCMJ, warnings.[2]

█ We do not believe that appellant was entitled to receive warnings under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In *Miranda*, the United States Supreme Court held that statements are inadmissible when taken in a custodial interrogation unless the defendant is properly advised of his rights to remain silent, that anything he says may be used against him, that he has a right to consult with a lawyer and to have a lawyer with him during interrogation, and that if he is indigent a lawyer will be appointed to represent him. Evidence of record establishes that there was no custodial interrogation of appellant. After Ms. C scheduled an appointment with appellant, the place of the meeting was changed at the request of

2. *See United States v. Murphy*, 18 M.J. 220 (C.M.A.1984.) (Article 31, UCMJ, warning not required by foreign police officer conducting independent investigation); *United States v. Penn*, 39 C.M.R. 194 (1969) (independent investigation by secret service does not require Article 31, UCMJ, warning); *United States v. Aau*, 30 C.M.R. 332 (C.M.A.1961) (agreement that servicemembers cases would be given to the military for prosecution did not make civilian police agents of military for Article 31, UCMJ, purposes); *United States v. Holder*, 28 C.M.R. 14 (C.M.A.1959) (proper to apprehend and question servicemember without Article 31, UCMJ, warn-ing where FBI agent performing his duties under direction of FBI and not Army); *United States v. Hofbauer*, 2 M.J. 922 (A.C.M.R.1976), *affirmed*, 5 M.J. 409 (C.M.A.1978) (no Article 31, UCMJ, warning requirement by FBI agent conducting independent investigation on post pursuant to memo of understanding). We are aware of this court's holding in *United States v. Hill*, 13 M.J. 882 (A.C.M.R.1982). We do not believe that the holding in *Hill* is contrary to this case. To the extent it may be perceived to be at odds with this case, however, we will not follow *Hill*.

appellant. He was not escorted to the meeting but proceeded there of his own free will. After the meeting he departed for a destination of his choice. He was not in custody.

Additionally, as to the *Miranda* warnings, we find that Ms. C was not a law enforcement agent. Although not binding on this court, we find *Paez v. State*, 681 S.W.2d 34 (Tex.Cr.App.1984) persuasive. In *Paez*, a member of the Texas DHS, who was working with the defendant and her children, went to the hospital where the defendant was in police custody. She wanted to talk to the defendant because of her concern for the defendant's children. During the conversation the defendant confessed. The Texas court held that the state employee must be acting as an agent of law enforcement pursuant to police practice before safeguards attendant to custodial interrogation come into play. The court held that the member of Texas DHS was not a law enforcement agent. We believe the same is true in the case before us. We therefore find no obligation for *Miranda* warnings. For these same reasons we find no violation of Mil.R.Evid. 305(d)(1)(B).[3]

We hold, therefore, that appellant's confession was properly admitted into evidence at trial.

**3.** Mil.R.Evid. 305(d)(1)(B), provides,
(d) *Counsel rights and warnings.*
  (1) *General rule.* When evidence of a testimonial or communicative nature within the meaning of the Fifth Amendment to the Constitution of the United States either is sought or is a reasonable consequence of an interrogation, an accused or a person suspected of an offense is entitled to consult with counsel as provided by paragraph (2) of this subdivision, to have such counsel present at the interrogation, and to be warned of these rights prior to the interrogation if—

  .    .    .    .    .

  (B) The interrogation is conducted by a person subject to the code acting in a law enforcement capacity, or an agent of such a person, the interrogation is conducted subsequent to preferral of charges or the imposition of pretrial restraint under R.C.M. 304, and the interrogation concerns the offenses or matters that were the subject of the preferral of charges or were the cause of the imposition of pretrial restraint.

**4.** Mil.R.Evid. 804(b)(5) provides,

## II.

### Admission of Evidence Under Mil.R.Evid. 804(b)(5).[4]

The confrontation clause of the sixth amendment to the United States Constitution reflects a preference for face-to-face confrontation at trial. *Ohio v. Roberts*, 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980). Where it has been shown that a witness is not available statements may be used which bear some indicia of reliability to ensure trustworthiness. *Ohio v. Roberts*, 448 U.S. at 65–66, 100 S.Ct. at 2538–39. It is the government's obligation to exert all reasonable measures to acquire the presence of witnesses and tender them for cross examination. *United States v. Hines*, 23 M.J. 125, 133 (C.M.A. 1986) and cases cited therein. In the case before us, the witnesses were subpoenaed but fled to Canada prior to trial. Although it is possible that more could have been done in an attempt to secure their presence, it is unnecessary for the government to undertake a futile act. *See Ohio v. Roberts*, 448 U.S. at 74, 100 S.Ct. at 2543. Thus, we find, as did the trial judge, that the witnesses were unavailable. Consequently, under the sixth amendment, we must find the "indicia of reliability" to permit the introduction of the witnesses out of

(b) *Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness.

  .    .    .    .    .

(5) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the military judge determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative of the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of its (sic) makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the intention to offer the statement and the particulars of it, including the name and address of the declarant.

court statements.[5] The constitutional requirement of "indicia of reliability" and the residual hearsay requirement of "equivalent circumstantial guarantees of trustworthiness" are closely related and are construed to be equivalent. *United States v. Hines*, 23 M.J. at 134. In order for statements to be admissible, "particularized guarantees of trustworthiness" must be shown. *Id.* Appellant's confession coupled with other factors[6] so confirm the reliability of the declarant's statements that they afforded the trier of fact a satisfactory basis for evaluating the truth of the prior statement and extinguished appellant's right to confrontation.[7] *Hines*, 23

M.J. at 138. We hold that the statements were properly admitted into evidence.

Other allegations of error, to include those personally raised by appellant, are without merit. The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Senior Judge KUCERA concur.

---

5. The only issue before this court is whether the statements have equivalent circumstantial guarantees of trustworthiness.

6. As in *Hines*, the trial judge was remiss in not stating on the record the special facts which he thought indicated a sufficient degree of trustworthiness and necessity to justify their admission. We caution trial judges that these findings should be made in the future. Under the provisions of Article 66(c), UCMJ, 10 U.S.C. § 866(c), we will make those findings of facts. We specifically find:

(1) The statements were signed under oath. At the time of the video tape meeting questions to S and his responses were equivalent to the taking of the video statement under oath.

(2) The detailed circumstances of how the interviews were conducted tended to affirm their accuracy and trustworthiness, rather than detract from their qualities.

(3) The declarants were members of the accused's household and financially dependent on him. Mrs. Moreno even stated her concern for the family's financial welfare if they testified and appellant was convicted.

(4) Mrs. Moreno's statement that if S testified appellant would be convicted supports the veracity of the statements.

(5) The declarants clearly had first hand knowledge of the events to which their out-of-court declarations pertained.

(6) The out-of-court statements tended to corroborate the truthfulness of the others.

(7) Appellant voluntarily confessed to having committed the acts alleged against him.

7. We believe that appellant's right to confrontation was satisfied at the deposition of S. Appellant and his counsel were present and refused to cross-examine S because he did not want the statements in evidence and he assumed they would not be admissible if he did not cross-examine and because of potential emotional harm to S. Even though S recanted his statement at the deposition, we believe appellant waived his right of confrontation. *See Hines*, 23 M.J. at 132.