**UNITED STATES, Appellee,**

v.

**Staff Sergeant Manuel R. MORENO, 526–98–1508, United States Army, Appellant.**

**CM 449190.**

U.S. Army Court of Military Review.

4 Dec. 1990.

For Appellant: Major Mark W. Harvey, JAGC, (argued); Colonel Robert B. Kirby, JAGC, Lieutenant Colonel Russell S. Estey, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Captain Mark E. Frye, JAGC, (argued); Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC, Major Maria C. Fernandez, JAGC, (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

De GIULIO, Senior Judge:

Contrary to his pleas, a general court-martial composed of officer members found appellant guilty of four specifications of sodomy and one specification of indecent acts with a child under the age of sixteen. On 18 June 1986, he was sentenced to a bad-conduct discharge and confinement for one year. On 5 October 1987, this court affirmed the findings and the sentence.[1] *United States v. Moreno*, 25 M.J. 523 (A.C. M.R.1987), *reversed*, 28 M.J. 152 (C.M.A. 1989). On 14 February 1989, the Court of Military Appeals set aside this court's decision and remanded the case for a limited hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A.1967). *United States v. Moreno*, 28 M.J. 152 (C.M.A.1989). The Court of Military Appeals' order stated:

> Upon consideration of 25 M.J. 523 [sic] the granted issues (26 M.J. 207), we hold that Mil.R.Evid. 103 is no bar to our consideration of the first granted issue in this case. Our review of the record established that Ms. Cirks, a social worker for the Department of Human Services of the State of Texas, actively solicited

---

1. The facts of this case are reported in the original opinion.

appellant's confession and subsequently reported it to trial counsel pursuant to an agreement between the State and the local command authorities. *See generally Maine v. Moulton,* 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985); *United States v. Henry,* 447 U.S. 264, 273, 100 S.Ct. 2183, 2188, 65 L.Ed.2d 115 (1980); cf. *Kuhlmann v. Wilson,* 477 U.S. 436, 455–60, 106 S.Ct. 2616, 2628–31, 91 L.Ed.2d 364 (1986). Her interview of appellant occurred after he had been arrested by military police and asserted his right to counsel; after military charges had been preferred against him; and after military counsel had been assigned to him. *See Michigan v. Jackson,* 475 U.S. 625, 627, 106 S.Ct. 1404, 1406, 89 L.Ed.2d 631 (1986); *Maine v. Moulton, supra* 474 U.S. at 176, 106 S.Ct. at 488; *United States v. Henry, supra;* cf. *Patterson v. Illinois,* 487 U.S. 285, 108 S.Ct. 2389, 2397 n. 9, 101 L.Ed.2d 261 (1988). We conclude that a factfinding hearing[2] is appropriate to determine the extent of this attorney-client relationship and whether appellant properly waived his Sixth Amendment right to counsel prior to this interview. *See United States v. Wattenbarger,* 21 M.J. 41 (C.M.A.1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986); *see generally, Patterson v. Illinois, supra* 108 S.Ct. at 2393 n. 3. Accordingly, it is ordered that the decision of the United States Army Court of Military Review, 25 M.J. 523, is set aside. The record of trial is returned to the Judge Advocate General of the Army for transmission to an officer exercising general court-martial jurisdiction for the factfinding hearing into the matters set forth above. Following such proceeding, Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, shall apply.

*Id.* 28 M.J. at 153

On 23 June and 10 July 1989, a *DuBay* hearing was conducted. In his Findings of Fact and Conclusions of Law, dated 17 October 1989, the military judge stated:

(1) Staff Sergeant Moreno established a full attorney-client relationship with both Captain Evans and Captain Bailey well in advance of any conversation regarding the 21 February interview of Ms. Cirks and SSG Moreno, and,

(2) That the evidence does not establish by a preponderance that Captain Evans or SSG Moreno made a proper lawful waiver of SSG Moreno's Sixth Amendment right to counsel prior to or during this interview.

The case is now before us for further review.

■ Under the Fifth Amendment, an accused in custody who expresses his desire to deal with police through counsel "is not subject to further interrogation by authorities until counsel has been made available to him, unless the accused initiates further communication, exchanges, or conversations with police." *Edwards v. Arizona,* 451 U.S. 477, 484–485, 101 S.Ct. 1880, 1884–1885, 68 L.Ed.2d 378, *reh'g denied,* 452 U.S. 973, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981). An accused is also safeguarded if police initiate an interrogation after his assertion of his right to counsel at an arraignment or similar proceedings when the basis of the right is the Sixth Amendment. *Michigan v. Jackson,* 475 U.S. 625, 629, 106 S.Ct. 1404, 1407, 89 L.Ed.2d 631 (1986).

■ In the case *sub judice,* we must determine if Ms. Cirks was an agent of the police. After a review of the original record of trial and the record of the hearing conducted pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A.1967), we find that Ms. Cirks was not a police agent and had no duty to read appellant his rights.

In several cases, the Supreme Court has discussed the concept of who is a police agent for Sixth Amendment purposes. In *Maine v. Moulton,* 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), the Supreme Court found that police violated the accused's Sixth Amendment right to counsel when after indictment, police arranged for the accused's codefendant to wear a body

**2.** See *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967).

wire transmitter and record the accused's incriminating statements. The Court held that the police concealed the fact that the codefendant was an agent and that by doing so, the police denied the respondent of his Sixth Amendment right to counsel. *Id.* at 176–177, 106 S.Ct. at 487–488. In *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), after counsel was appointed and Henry was in jail pending trial, an inmate who was a paid informant was told to listen but not to initiate conversations or to question Henry. The inmate engaged in conversations in which Henry discussed his involvement in the alleged crime. *Id.* at 269, 100 S.Ct. at 2186. The Court reversed, finding that the police had deliberately elicited incriminating statements from Henry in violation of the Sixth Amendment. *Id.* In *Kuhlmann v. Wilson,* 477 U.S. 436, 460, 106 S.Ct. 2616, 2630, 91 L.Ed.2d 364 (1986), *on remand,* 800 F.2d 304 (2nd Cir.1986), a cellmate of the accused agreed to act as a police informant and reported the accused's spontaneous and unsolicited incriminating statements. The Supreme Court held these statements were not obtained in violation of the Sixth Amendment.

We believe that the facts in the case at bar are distinguishable from those cases cited in the Court of Military Appeals' order. We recognize that "[p]reserving the integrity of an accused's choice to communicate with police only through counsel is the essence of *Edwards* and its progeny— not barring an accused from making an initial election as to whether he will face the States' officers during questioning with the aid of counsel, or go it alone." *Patterson v. Illinois,* 487 U.S. 285, 108 S.Ct. 2389, 2394, 101 L.Ed.2d 261 (1988). Further, we have no quarrel with the military judge's findings at the *DuBay* hearing that an attorney-client relationship was established and that the evidence does not establish by a preponderance of the evidence that there was a proper lawful waiver of SSG Moreno's Sixth Amendment right to counsel.

The question before us is whether Ms. Cirks was acting as an Army police official or their agent when she took an incriminating statement from SSG Moreno. Using our powers under Uniform Code of Military Justice, Article 66(c), 10 U.S.C. § 866 (1982), we make the following findings of fact:

That there was a Memorandum of Agreement between the Texas Department of Health Services and Fort Bliss, Texas, to provide social work services to Fort Bliss in child abuse cases;

That Ms. Cirks had an independent duty to interview appellant under Texas law;

That Ms. Cirks interviewed appellant acting on her own and not at the request of military law enforcement personnel or the prosecutor;

That Ms. Cirks advised Captain Evans, one of appellant's defense counsel, of the impending interview;[3]

That Captain Evans told Ms. Cirks he would tell appellant to keep his appointment with her;[4]

That at the time of the interview, the CID investigation was closed;

That neither the CID nor the prosecution knew Ms. Cirks would interview SSG Moreno;

That Ms. Cirks advised appellant that she was subject to a subpoena by the courts;

That Ms. Cirks did not know until well after the interview that she would have to provide the information;

That Ms. Cirks objected to providing the information until told to do so by her supervisors;

That the prosecutors discovered from appellant's wife that appellant had made incriminating statements to Ms. Cirks;

That only after this discovery did the prosecutor request the information be provided;

**3.** This evidence was presented by Ms. Cirks' testimony in the *DuBay* hearing. It is also found in her notes which are attached to the *DuBay* hearing record.

**4.** *Id.*

That at the time of her interview the State of Texas did not consider a person in Ms. Cirks' position as a law enforcement agent; See *Paez v. State*, 681 S.W.2d 34 (Tex.Crim.App.1984);[5] and

That Ms. Cirks did not consider herself a law enforcement agent but was primarily concerned with the welfare of the child and keeping the family together.

We further find that under the circumstances of this case, Ms. Cirks was not an agent of law enforcement personnel when she took the statement.

We hold that Ms. Cirks did not violate appellant's Sixth Amendment right to counsel.

■ Assuming *arguendo* that appellant's statement to Ms. Cirks was inadmissible, considering the remaining evidence, we find the error harmless beyond a reasonable doubt as there is sufficient other evidence to support a finding of guilty. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh'g denied*, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967); *United States v. Remai*, 19 M.J. 229 (C.M.A.1985).

■ In determining that the videotape statement of appellant's stepson, S, was properly admitted into evidence under the residual hearsay rule, this court relied on *United States v. Hines*, 23 M.J. 125 (C.M.A.1986). We believe the United States Supreme Court decision in *Idaho v. Wright*, —— U.S. ——, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990) is now controlling. In *Wright*, the Court held that, in judging whether a statement shows an "indicia of reliability," either the statement must fall within a firmly rooted hearsay exception or be supported by a showing of "particularized guarantees of trustworthiness." —— U.S. at ——, 110 S.Ct. at 3147, 111 L.Ed.2d at 653. Under *Wright*, the "particularized

guarantees of trustworthiness" are limited to the "totality of the circumstances surrounding the making of the statement and that renders the declarant particularly worthy of belief" and not from subsequent corroboration of the criminal act using other evidence of trial. —— U.S. at ——, 110 S.Ct. at 3153, 111 L.Ed.2d at 657.

■ Evidence possessing "particularized guarantees of trustworthiness" must be at least as reliable as evidence under a firmly rooted hearsay exception. —— U.S. at ——, 110 S.Ct. at 3153, 111 L.Ed.2d at 656. "Unless an affirmative reason, arising from the circumstances in which the statement was made, provides a basis for rebutting the presumption that a hearsay statement is not worthy of reliance at trial, the Confrontation Clause requires exclusion of the out-of-court statement. *Id.* Factors to be considered in determining whether a statement is reliable are: spontaneity and consistent repetition of a statement; the mental state of the declarant; use of terminology unexpected of a child of similar age; and lack of motive to fabricate. *Id.* "The unifying principle is whether the child declarant was particularly likely to be telling the truth when the statement was made." *Id.*

In *Idaho v. Wright*, the Idaho Supreme Court's suggestion that the child victim's statement must be video-recorded for preservation and perusal by defense at or before trial was rejected by the U.S. Supreme Court as too stringent. —— U.S. at ——, 110 S.Ct. at 3144, 111 L.Ed.2d at 650. In the case before us, the statement of the child victim was video-recorded. In that video, Ms. Cirks, the interviewing social worker, did not use blatant leading questions. We do not find that the interviewer had preconceived ideas of what the child was disclosing. A review of the video tape does not demonstrate any danger of unreliability. We find the statement even satis-

---

5. The *Paez* case is only cited to show the atmosphere surrounding the taking of the statement from appellant on 21 February 1986. Contrary to appellant's contention, *Paez* has not been so severely limited but is an example of that court deciding the issue on a case-by-case basis. See *Cates v. State*, 776 S.W.2d 170, 171–172 (Tex. Crim.App.1989), *on remand*, 781 S.W.2d 678

(Tex.Ct.App.1989). See also *Cantu v. State*, 785 S.W.2d 1 (Tex.Ct.App.1990). It is noted that both of these cases involved Miranda warnings. In each case, the accused was in custody. In our prior opinion, we found appellant was not in custody. *United States v. Moreno*, 25 M.J. 523, 525–526 (A.C.M.R.1987).

fies the requirements suggested by the Idaho Supreme Court but rejected in *Idaho v. Wright* as too stringent.

■ Of importance, appellant had the ability to confront the victim in a deposition where defense counsel was present and had an opportunity to cross-examine the declarant but failed to do so. *See Idaho v. Wright,* —— U.S. ——, 110 S.Ct. at 3146, 111 L.Ed.2d at 652 (1990), citing *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), *on remand, People v. Green,* 3 Cal.3d 981, 92 Cal.Rptr. 494, 479 P.2d 998 (1971), *cert. denied,* 404 U.S. 801, 92 S.Ct. 20, 30 L.Ed.2d 34 (1971). Hence, we find appellant's right to confrontation was satisfied by the deposition of S. Appellant and his counsel were present at the deposition and refused to cross-examine S because they did not want the statements in evidence, assumed the statements were inadmissible without cross-examination, and because counsel felt it would be of potential harm to S. Even though S recanted his statement at the deposition, we believe appellant waived his right to confrontation. We find the statement contains the "particularized guarantees of trustworthiness" necessary to satisfy the requirements of the Confrontation Clause and that, therefore, the trial court did not err in admitting them.

We have carefully reviewed the other assignments of error raised by appellant and find them to be without merit. For the reasons set forth in this, in addition to those set forth in our original opinion [6], the findings of guilty and the sentence are affirmed.

Judge NAUGHTON concurs.

VARO, Judge (dissenting in part concurring in part):

I respectfully dissent from the majority's discussion and determination on the issue of agency. In my opinion, the remand from the Court of Military Appeals is clear. That Court has found Ms. Cirks to be an agent of The United States and thus, the issue of agency is no longer a matter properly before this court for consideration. The *DuBay* hearing judge has made specific findings that at the time the appellant was questioned by Ms. Cirks, he had an attorney-client relationship with a defense counsel, and that the interview with Ms. Cirks was not the result of any waiver of the appellant's Sixth Amendment right to counsel. Based on these determinations this Court is bound to apply *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and find the appellant's statement to Ms. Cirks to be inadmissible.

Assuming *arguendo* that this Court still has authority to review the question of agency, in my opinion the relationship between Ms. Cirks, the command as a whole, and the Criminal Investigation Division, in particular, is as a matter of fact, sufficient to establish an agency relationship. Her status as such thus has an impact on the appellant's rights under the Fifth and Sixth Amendments as well as under Article 31(b), Uniform Code of Military Justice, 10 U.S.C. § 831(b) (1982). *See United States v. Quillen,* 27 M.J. 312 (C.M.A.1988).

I concur with the majority opinion that even in the absence of the appellant's 21 February 1986 statement to Ms. Cirks, there was sufficient other admissible evidence presented to support the findings of guilty and the sentence.