UNITED STATES, Appellee

v

TIMOTHY L. MALUMPHY, Airman Basic,
U. S. Air Force, Appellant

12 USCMA 639, 31 CMR 225

No. 15,094

February 9, 1962

*Major William A. Crawford, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph E. Krysakowski, Colonel James L. Kilgore,* and *Colonel Philip J. Williamson.*

*Captain Donald W. Brewer* argued the cause for Appellee, United States. With him on the brief were *Colonel Merlin W. Baker* and *Lieutenant Colonel Simpson M. Woolf.*

## Opinion of the Court

KILDAY, Judge:

Accused stands before this Court convicted for certain infractions of Article 128, Uniform Code of Military Justice, 10 USC § 928, which sprang from a bizarre episode involving gunplay. His approved sentence includes dishonorable discharge, total forfeitures and confinement at hard labor for six years. We granted his petition for review, electing to hear arguments limited to a single assignment of error in which it is asserted the law officer erred in admitting certain Government psychiatric testimony over defense objection.

It is unnecessary to decision of the question before us to recite the facts in any detail. Suffice it for our purpose to note that the defense urged at trial was insanity; that the questioned testimony was offered by the prosecution in rebuttal; that the Government's experts had not, prior to interviewing accused, warned him in accordance with Article 31 of the Uniform Code of Military Justice, 10 USC § 831; and that, although the doctors did not testify to any statements made by accused, their evaluations of him were apparently based on the information gleaned from accused in the interview.

We reject the defense argument that any statements made by accused to the Government experts would themselves be inadmissible and therefore that, since the doctors utilized the information accused provided in making their psychiatric evaluations, the latter should likewise be excluded from evidence. Considering the whole record, including the matters elicited in closed session before the law officer and those

**639**

in open court, we are compelled to conclude the Government's rebuttal witnesses were under no obligation to warn accused of his rights before interviewing him. It is clear that accused was not, in the eyes of the psychiatrists, a suspect within the purview of Article 31 at the time they saw him. And it is manifest from the uncontroverted evidence that accused was admitted to the hospital for medical examination. The latter, and not whether accused had committed any offense nor other possible legal eventualities, was the concern of the doctors. They interviewed him, as was their duty, with a mind toward medical diagnosis as to whether he was a sick man mentally, possibly in need of care and treatment. The transcript shows that the inquiries they made were clearly not in any sense a criminal investigation, and that the doctors were not, at the time they saw accused, concerned with determining his mental capacity and responsibility for the instant crimes.

With the record in that posture it is apparent the law officer did not err in admitting the rebuttal testimony into evidence. Cf. United States v Baker, 11 USCMA 313, 29 CMR 129. The assignment of error, therefore, is resolved adversely to accused and the decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.