UNITED STATES, Appellee,

v.

Staff Sergeant Larry C. MOORE, SR.,
461–70–4768, United States
Army, Appellant.

ACMR 8701350.

U.S. Army Court of Military Review.

17 Nov. 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before KANE, GILLEY, and NEURAUTER Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

GILLEY, Judge:

Contrary to his pleas, a general court-martial, consisting of officer and enlisted members, convicted the appellant of indecent acts with his ten-year-old step-daughter, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. The appellant had been charged with rape and carnal knowledge. The convening authority approved the sentence of bad-conduct discharge, confinement for seven years, forfeiture of $500 pay per month for 42 months, and reduction to Private El. On 10 November 1988, 27 M.J. 656, we ordered the convening authority's action to be set aside and the case returned for a new review and action. On 10 March 1989, a different convening authority for the same command approved the sentence.

We find the following as fact. On 21 March 1987, the ten-year old girl [T] told her mother that the appellant had touched her in the vaginal area. Her mother took her to the hospital on 23 March 1987, where an examination confirmed sexual activity. T and her mother made sworn statements to military criminal investigators that the appellant had molested T. That day the appellant was apprehended and released to his unit. One week later, 1 April 1987, charges were preferred and his commander ordered him "not to talk, see, or communicate in any way with his wife." On 2 April 1987, a deposition was ordered for T, her sister D, and their mother. On 7 April 1987, the appellant's trial defense counsel received verbal notice of the depositions, which were to be conducted the next day. Two hours before the depositions, the defense counsel was provided sworn statements of the dependents. The depositions were conducted over objection of the defense counsel. Later that day, the appellant went to a military hospital to seek help for depression; he was admitted as a suicide risk. On 9 April 1987, T and her mother recanted their accusations. On 13 April 1987, because of the recantations that appeared to result from the appellant having had spoken to his wife, he was placed in pretrial confinement. At the Article 32, UCMJ, investigation on 15 April 1987, and at the trial itself, T and her mother testified consistently with their recantations. The depositions provided the basis for the findings of guilty.

The appellant assigns a number of errors, which we will discuss below.

### I.

■ The appellant challenges the magistrate's review of his pretrial confinement and the order not to communicate with his wife. We find that the military magistrate had probable cause to conclude that the appellant had committed the alleged rape and had previously influenced and foreseeably would again attempt to influence the testimony of his daughter. That foreseeable obstruction of justice, which was serious criminal misconduct, made continued pretrial confinement appropriate. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(h)(2)(B)(iii)(b) [hereinafter M.C.M., 1984 and R.C.M.].

■ The appellant cites *United States v. Aycock*, 35 C.M.R. 130, 134 (C.M.A.1964), for the proposition that an accused cannot "be required not to contact witnesses concerned with the charges against him." That holding was founded on the fundamental proposition that the accused has the right to prepare to meet the charges against him. Here, the appellant did in fact communicate with his wife and she and T thereafter recanted their allegations. The right to prepare for trial must not be allowed to pervert the search for truth that is at the heart of the criminal justice process. In the face of obstruction of justice by suborning the perjury of witnesses, pretrial confinement is permissible to protect the truth-seeking of a trial. *See United States v. Heard*, 3 M.J. 14, 20 (C.M.A.1977) ("any efforts at obstructing justice" warrant pretrial confinement); *United States v. Gaskins*, 5 M.J. 772, 774–75 (A.C.M.R. 1978) (foreseeable future serious misconduct warranting pretrial confinement includes obstruction of justice); M.C.M., 1984, R.C.M. 305(h)(2)(B) analysis, app. 21,

at A21–15 through A21–16. Further, the availability of counsel to prepare for the relevant stages of the trial, including to interview witnesses, suffices for due process under the circumstances. Thus, *Aycock* should not be read as narrowly as the appellant contends.

## II.

Captain S served as a military magistrate to review the appellant's pretrial confinement. At the time of Captain S's appointment as a magistrate in July of 1986, he met the requirements of Army Regulation 27–10, Legal Services: Military Justice, paragraph 9–2b(2)(1 August 1984); he was not engaged in the prosecution function. Two and one-half months before the magisterial review of the appellant's pretrial confinement, Captain S assumed prosecutorial duties for another command. The apparent and clearly prudent intent of the regulation was that he step down as a magistrate. Nevertheless, based on the testimony of Captain S and the other evidence of record, the military judge correctly found that the magistrate was neutral and detached.

## III.

■ The appellant also contends that several errors occurred in the sentencing part of the trial. We find merit in the assertion that the military judge erred by permitting, over defense objection, testimony of Ms. P that the appellant had engaged in indecent acts and rape of her literally hundreds of times until about eight years before this trial. An expert also testified that based on the appellant's being a "two-time loser," he probably was a fixated pedophile. Though not objected to, the trial counsel argued on sentence that the maximum confinement for the indecent acts with T should be imposed "to think about what's he done to [Ms. P], and to think about what he's done to [T] ... One can only imagine, common sense can tell you the impact—the lifelong impact that his actions are going to have on [Ms. P] and [T]." The military judge instructed the court not to sentence the appellant for any offense he "may have committed on [Ms. P]" because that evidence was presented solely to determine his rehabilitation potential.

Though the trial defense counsel did not cite Rule for Courts–Martial 1001 in his objection, the thrust of his objection was on relevance and the military judge based his ruling on relevance to "what it will take to rehabilitate Staff Sergeant Moore." In *United States v. Wingart*, 27 M.J. 128, 136 (C.M.A.1988), the Court of Military Appeals spelled out how the admissibility of material otherwise relevant on sentencing is narrowed by Rule for Courts–Martial 1001. Uncharged specific acts of misconduct not admissible by another subsection of Rule 1001 are not admissible in sentencing proceedings unless they "directly relat[e] to or [result] from the offenses of which the accused has been found guilty." R.C.M. 1001(b)(4). This evidence is important in assessing the appellant's character and is thus relevant to the issue of the type and amount of punishment needed by the appellant. But Rule for Courts–Martial 1001(b)(4) precludes its use as it did not grow out of or directly precipitate this set of indecent acts for which he was convicted. Accordingly, its admission into evidence was erroneous and, as argued boldly by the trial counsel, contributed significantly to the sentence.

We are convinced beyond a reasonable doubt that the court-martial would have sentenced the appellant to confinement and partial forfeitures for at least four years in addition to the bad-conduct discharge and reduction to Private El. *See United States v. Sales*, 22 M.J. 305, 309 (C.M.A.1986).

## IV.

■ We have considered the appellant's additional assignment of error, that his admissions to a psychiatric nurse when he complained of depression, immediately after the video deposition of T, were inadmissible. That assignment of error is without merit. The nurse was trying to gauge the depth of his depression and never thought the information would leave the hospital. *See United States v. Fischer*, 44 C.M.R.

277 (C.M.A.1972); *see also United States v. Barnes*, 19 M.J. 890, 893 (A.C.M.R.1985), *affirmed*, 22 M.J. 385 (C.M.A.1986) (counsel need not be notified when the intent is not to interrogate regarding criminal culpability).

We have considered the matters raised personally by the appellant and find that they are without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for four years, forfeiture of $500 pay per month for 42 months, and reduction to Private El.

Senior Judge KANE and Judge NEURAUTER concur.