**UNITED STATES, Appellee,**

v.

**Larry C. MOORE, Sr., Staff Sergeant,
U.S. Army, Appellant.**

No. 63,808.
CM 8701350.

U.S. Court of Military Appeals.

Argued Oct. 3, 1990.
Decided Feb. 1, 1991.

and *Lieutenant Colonel Russell S. Estey* (on brief).

For Appellee: *Captain Jonathan F. Potter (argued); Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, and Captain Randy V. Cargill* (on brief).

## Opinion of the Court

SULLIVAN, Chief Judge:

During May and June of 1987, appellant was tried by a general court-martial composed of officer and enlisted members at Yongsan Military Reservation, Republic of Korea. Contrary to his pleas, he was found guilty of two specifications of committing indecent acts with his 10-year-old stepdaughter on diverse occasions between April 1984 and March 1987. Art. 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge, confinement for 7 years, forfeiture of $500.00 pay per month for 42 months, and reduction to E-1. The convening authority approved the sentence.

The Court of Military Review set aside the convening authority's action on November 10, 1988, and ordered a new recommendation and action. On March 10, 1989, a different convening authority for the same command approved the sentence. On further review the Court of Military Review affirmed the findings of guilty. However, it affirmed only so much of the sentence as provided for a bad-conduct discharge, confinement for 4 years, forfeiture of $500.00 pay per month for 42 months, and reduction to E-1. 29 MJ 819 (A.C.M.R.1989).

This Court granted three issues for review:

## I

WHETHER APPELLANT WAS SUBJECTED TO ILLEGAL PRETRIAL CONFINEMENT AND THEREBY DENIED DUE PROCESS OF LAW AND THE RIGHT TO ASSIST IN HIS OWN DEFENSE.

For Appellant: *Captain James K. Lovejoy (argued); Colonel Robert B. Kirby*

## II

WHETHER THE MILITARY JUDGE ERRED BY ADMITTING STATEMENTS GIVEN BY APPELLANT TO A PSYCHIATRIC NURSE WHO DID NOT ADVISE APPELLANT OF HIS ARTICLE 31 RIGHTS.

## III

WHETHER APPELLANT WAS DENIED A FAIR AND IMPARTIAL FORUM FOR DETERMINATION OF AN APPROPRIATE SENTENCE.

We resolve these questions in favor of the Government and affirm.

The Court of Review found these basic facts concerning the granted issues:

On 21 March 1987, the ten-year-old girl [T] told her mother that the appellant had touched her in the vaginal area. Her mother took her to the hospital on 23 March 1987, where an examination confirmed sexual activity. T and her mother made sworn statements to military criminal investigators that the appellant had molested T. That day the appellant was apprehended and released to his unit. One week later, 1 April 1987, charges were preferred and his commander ordered him "not to talk, see, or communicate in any way with his wife." On 2 April 1987, a deposition was ordered for T, her sister D, and their mother. On 7 April 1987, the appellant's trial defense counsel received verbal notice of the depositions, which were to be conducted the next day. Two hours before the depositions, the defense counsel was provided sworn statements of the dependents. The depositions were conducted over objection of the defense counsel. Later that day, the appellant went to a military hospital to seek help for depression; he was admitted as a suicide risk. On 9 April .1987, T and her mother recanted their accusations. On 13 April 1987, because of the recantations that appeared to result from the appellant having had spoken to his wife, he was placed in pretrial confinement. At the Article 32, UCMJ investigation on 15 April 1987, and at the trial itself, T and her mother testified consistently with their recantations. The depositions provided the basis for the findings of guilty.

\*    \*    \*    \*    \*    \*

Here, the appellant did in fact communicate with his wife and she and T thereafter recanted their allegations....

29 MJ at 820.

Captain S served as a military magistrate to review the appellant's pretrial confinement. At the time of Captain S's appointment as a magistrate in July of 1986, he met the requirements of Army Regulation 27–10, Legal Services: Military Justice, paragraph 9–2b(2) (1 [July] 1984); he was not engaged in the prosecution function. Two and one-half months before the magisterial review of the appellant's pretrial confinement, Captain S assumed prosecutorial duties for another command....

\*    \*    \*    \*    \*    \*

We have considered the appellant's additional assignment of error, that his admissions to a psychiatric nurse when he complained of depression, immediately after the video deposition of T, were inadmissible.... The nurse was trying to gauge the depth of his depression and never thought the information would leave the hospital....

*Id.* at 821.

At his court-martial appellant also requested production of three witnesses or court-ordered stipulations as to their testimony. These witnesses were family or ex-family members of appellant who were located in Houston, Texas. Appellant's court-martial took place in Korea. In addition, it was proffered that the requested witnesses would testify that appellant was a good father and family man, told the truth, and was incapable of child abuse. Government counsel was notified of this request 5 days prior to trial, but neither summaries nor the proffered stipulations were provided until the day of trial.

## Issue I

Appellant challenges the lawfulness of his pretrial confinement from .April 13 to June 13, 1987, for several reasons. First, he argues that the confinement orders were unlawfully issued by his commander in order to prevent his access to vital witnesses in his case, *i.e.*, his wife and stepdaughter. Second, he asserts it was approved by a military magistrate who was disqualified to serve in this position by reason of his prosecutorial duties. Third, he asserts that the military judge who reviewed his confinement did not have a sufficient basis for refusing to release him from pretrial confinement as is required by RCM 305(j)(1)(A), Manual for Courts–Martial, United States, 1984.[1] Consequently, he asks this Court to set aside the findings and sentence against him and authorize a rehearing.

The thrust of appellant's initial argument is that pretrial confinement imposed for the purpose of denying an accused access to the witnesses against him denies that accused due process of law. *See United States v. Aycock*, 15 USCMA 158, 35 CMR 130 (1964). He suggests that denial of due process occurs even when the confinement is imposed to prevent an accused servicemember from intimidating witnesses or otherwise obstructing justice. The proper remedy, appellant asserts, is to prosecute such an accused for obstruction of justice, not to interfere with preparation of the servicemember's defense. *See generally United States v. Jones*, 20 MJ 38 (CMA 1985).

▮ This argument is without merit. First, we note that pretrial confinement may be lawfully imposed to prevent obstruction of justice by a servicemember accused of a crime. *United States v. Heard*, 3 MJ 14, 20 (CMA 1977); RCM 305(h)(2)(B)(iii)(b).[2] Here, information con-

---

1. (j) *Review by military judge.* Once the charges for which the accused has been confined are referred to trial, the military judge shall review the propriety of pretrial confinement upon motion for appropriate relief.

   (1) *Release.* The military judge shall order release from pretrial confinement only if:

   (A) The reviewing officer's decision was an abuse of discretion, and there is not sufficient information presented to the military judge justifying continuation of pretrial confinement under subsection (h)(2)(B) of this rule;

   (B) Information not presented to the reviewing officer establishes that the prisoner should be released under subsection (h)(2)(B) of this rule; or

   (C) The provisions of subsection (i)(2) or (3) of this rule have not been complied with and information presented to the military judge does not establish sufficient grounds for continued confinement under subsection (h)(2)(B) of this rule.

   (2) *Credit.* The military judge shall order administrative credit under subsection (k) of this rule for any pretrial confinement served as a result of an abuse of discretion or of failure to comply with the provisions of subsection (f), (h), or (i) of this rule.

   (k) *Remedy.* The remedy for noncompliance with subsection (f), (h), (i), or (j) of this rule shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance. Such credit shall be computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance. *This credit is to be applied in addition to any other credit the accused may be entitled [to] as a result of pretrial confinement served.* This credit shall be applied first against any confinement adjudged. If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit, using the conversion formula under R.C.M. 1003(b)(6) and (7), shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, if adjudged. For purposes of this subsection, 1 day of confinement shall be equal to 1 day of total forfeiture or a like amount of fine. The credit shall not be applied against any other form of punishment. (Emphasis added.)

2. RCM 305(h)(2)(B) provides:

   (B) *Requirements for confinement.* The commander shall direct the prisoner's release from pretrial confinement unless the commander believes upon probable cause, that is, upon reasonable grounds, that:

   (i) An offense triable by a court-martial has been committed;

   (ii) The prisoner committed it; and

   (iii) Confinement is necessary because it is foreseeable that:

   (a) The prisoner will not appear at a trial, pretrial hearing, or investigation, or

   (b) The prisoner will engage in serious criminal misconduct; and

   (iv) Less severe forms of restraint are inadequate.

cerning appellant's pretrial contact with his wife and the sudden inexplicable recantations of her and her daughter's depositions against him evidenced such unlawful conduct on his part. Second, there is no indication in the record before us that appellant's counsel was ever prevented from talking to these witnesses during that period. Finally, the witnesses to whom appellant claims he was denied access actually testified in his favor at his court-martial. Accordingly, appellant is not entitled to a full rehearing or a sentence rehearing on the basis that his pretrial confinement denied him a fair trial.

■ Turning to the remainder of appellant's unlawful pretrial confinement arguments, we also find that he is not entitled to extra credit for this period of time. *See United States v. Suzuki*, 14 MJ 491, 493 (CMA 1983); RCM 305(k). First, as noted above, the pretrial confinement approved by the military judge in this case was based on sufficient information showing both that appellant committed a crime and that the confinement was otherwise necessary. *See* RCM 305(h)(2)(B). *See generally* RCM 305(j)(1)(A). Second, we hold that a violation of applicable service regulations concerning pretrial confinement does not per se require additional credit. Here, the military judge found that the military magistrate was "neutral and detached" in fact despite his apparent legal disqualifications under case law and service regulations. RCM 305(i)(2); *see* para. 9–2b (2) AR 27–10.[3] In addition, the Court of Military Review impliedly found harmless

error. In these circumstances, we find no legal error in either the military judge's or the Court of Military Review's discretionary decision not to award extra credit.

### Issue II

■ The second issue in this case is whether Mrs. Lee's testimony concerning appellant's pretrial statements to her was barred by Article 31(d), UCMJ, 10 USC § 831(d). Appellant contends that Nurse Lee should have advised him of his rights under Article 31 before she questioned him about the suspected sexual abuse of his stepdaughters. He argues that her official capacity as a government employee at a military hospital and her regulatory duty to file reports of suspected child abuse with her military supervisors dictates this result. *See generally United States v. Quillen*, 27 MJ 312 (CMA 1988). We disagree.

■ First, we note that appellant lodged no objection at trial to Nurse Lee's testimony on the basis of Article 31 or Mil.R.Evid. 304, Manual, *supra. See* Mil.R.Evid. 103. Second, there was no evidence in this case that Nurse Lee was acting directly or indirectly in any law enforcement or disciplinary capacity in questioning appellant. *Cf. United States v. Quillen, supra.* In fact, the record shows that she acted only in a legitimate medical capacity in asking these questions and in response to appellant's voluntary request for emergency medical treatment. Such questioning is clearly outside the scope of Article 31. *United States v. Loukas*, 29 MJ 385, 389 (CMA 1990); *United States v. Fisher*, 21 USCMA 223,

---

Serious criminal misconduct includes intimidation of witnesses or other obstruction of justice, seriously injuring others, or other offenses which pose a serious threat to the safety of the community or to the effectiveness, morale, discipline, readiness, or safety of the command, or to the national security of the United States. As used in this rule, "national security" means the national defense and foreign relations of the United States and specifically includes: a military or defense advantage over any foreign nation or group of nations; a favorable foreign relations position; or a defense posture capable of successfully resisting hostile or destructive action from within or without, overt or covert.

**3.** *Part-time military magistrates.* Part-time military magistrates will be appointed by TJAG or, if the authority to appoint such magistrates is delegated by TJAG, by the Commander, USALSA, the Chief Trial Judge, chief circuit judges, and supervising military judges, as follows:

(1) Staff judge advocates may nominate one or more JAs for appointment as part-time military magistrates.

(2) Nominees will not be engaged in criminal investigation or the prosecuting function and will possess the requisite training, experience, and maturity to perform the duties of a magistrate.

44 CMR 227 (1972); *United States v. Malumphy,* 12 USCMA 639, 31 CMR 225 (1962); *United States v. Baker,* 11 USCMA 313, 29 CMR 129 (1960). *Cf. State v. Ybarra,* 111 N.M. 234, 804 P.2d 1053, 48 Cr.L. 1221 (NM 1990). Moreover, the particular regulation irregularly proffered by appellant for the first time at oral argument to show an agency relationship between this government nurse and the military police does not undermine our conclusion. *Cf. United States v. Quillen, supra.* It was not in effect on April 8, 1987, the day the challenged interview in this case occurred. *See* para. 7, AR 608–18 (19 October 1987). Accordingly, Nurse Lee's testimony concerning appellant's admissions was not barred by Article 31. *See also* Mil.R.Evid. 501(d); *United States v. Corona,* 849 F.2d 562, 566–67 (11th Cir.1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1542, 103 L.Ed.2d 846 (1989).

## IV

■ Appellate counsel finally contends that his client was unfairly denied three sentencing witnesses at his court-martial or court-ordered stipulations as to their testimony. He particularly challenges the military judge's failure to assess the materiality of the expected testimony of these witnesses in denying these requests. *See*

RCM 703. We must reject this claim of an unfair sentencing proceeding.

The military judge expressly denied the defense request for stipulations of expected testimony and, by implication, he also rejected the request for production of the witnesses themselves at this court-martial. He did so because the original request for these witnesses was submitted 5 days before trial and without a summary of each witness' expected testimony. *Cf.* RCM 703(c)(2)(B)(ii) and (C).[4] In view of the vast distance between the situs of the trial and the locus of the witnesses, the untimeliness and irregularity of these requests provided the military judge with some basis for their denial. *See United States v. Davis,* 29 MJ 357, 360 (CMA 1990); *see generally Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). In addition, the probative value of the unobtained testimony for purposes of sentencing was greatly reduced by the particular findings of guilty in this case. Therefore, on the record before us, we conclude the military judge did not abuse his discretion by denying these defense requests. *See United States v. Roberts,* 10 MJ 308, 314–15 (CMA 1981); *cf. United States v. Hawkins,* 6 USCMA 135, 142, 19 CMR 261, 268 (1955); *United States v. Brown,* 28 MJ 644 (ACMR 1989). *See generally* RCM 703(c)(2)(C).

**4.** (A) *Request.* The defense shall submit to the trial counsel a written list of witnesses whose production by the Government the defense requests.

  (B) *Contents of request.*
    (i) *Witnesses on merits or interlocutory questions.* A list of witnesses whose testimony the defense considers relevant and necessary on the merits or on an interlocutory question shall include the name, telephone number, if known, and address or location of the witness such [that] the witness can be found upon the exercise of due diligence and a synopsis of the expected testimony sufficient to show its relevance and necessity.
    (ii) *Witnesses on sentencing.* A list of witnesses wanted for presentencing proceedings shall include the name, telephone number, if known, and address or location of the witness such that the witness can be found upon the exercise of due diligence, a synopsis of the testimony that it is expected the witness will give, and the reasons why

the witness' personal appearance will be necessary under the standards set forth in R.C.M. 1001(e).
  (C) *Time of request.* A list of witnesses under this subsection shall be submitted in the time reasonably to allow production of each witness on the date when the witness' presence will be necessary. The military judge may set a specific date by which such lists must be submitted. Failure to submit the name of a witness in a timely manner shall permit denial of a motion for production of the witness, but relief from such denial may be granted for good cause shown.
  (D) *Determination.* The trial counsel shall arrange for the presence of any witness listed by the defense unless the trial counsel contends that the witness' production is not required under this rule. If the trial counsel contends that the witness' production is not required by this rule, the matter may be submitted to the military judge. If the military judge grants a motion for a witness, the trial counsel shall produce the witness or the proceedings shall be abated.

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Senior Judge (concurring in part and concurring in the result):

I fully agree with the majority's treatment of Moore's complaints regarding his pretrial confinement and his request for presentencing witnesses.

Additionally, I agree with the majority's disposition of Moore's appellate challenge to admission into evidence of his statements to Mrs. Lee. First, Moore did not make a similar objection at trial; accordingly, he waived his right to take exception on appeal. *See* Mil.R.Evid. 103(a)(1), Manual for Courts–Martial, United States, 1984.

Second, I am satisfied that Mrs. Lee's questions were asked for the benefit of Moore and his mental health—which he himself had submitted for medical treatment—and not "for the benefit of the armed services." *See United States v. Loukas,* 29 MJ 385, 394 (CMA 1990) (Everett, C.J., dissenting); *United States v. Duga,* 10 MJ 206 (CMA 1981). Accordingly, since there is no hint in the record that Mrs. Lee's motives even partially related to anything except Moore's medical treatment and since Moore himself—even on appeal—makes no claim that he believed otherwise, Mrs. Lee's questioning of Moore in connection with that treatment did not violate his Article 31(b), Uniform Code of Military Justice, 10 USC § 831(b), rights. *Id.*