SULLIVAN, Senior Judge
(concurring in the result):
I agree with the Court of Criminal Appeals, which applied all this Court’s precedent to the granted issue in this case. See United States v. Swift, 53 MJ 439, 445-46 (2000); United States v. Loukas, 29 MJ 385 (CMA 1990). It said:
The issue is not whether the questioner is participating in any official questioning, but rather whether the primary focus of the questioning relates to an official law enforcement or disciplinary investigation or inquiry.
United States v. Guyton-Bhatt, 54 MJ 796, 803 (Army Ct.Crim.App.2001). I would affirm under United States v. Loukas, supra.
I do not believe that United States v. Dugo, 10 MJ 206 (CMA 1981), requires that every official conversation start with Article 31 warnings. United States v. Loukas provides a more relevant approach to the instant case. In Loukas, we held a crew chiefs questioning of an accused about drug use during a plane flight, even though he may have suspected drug use, was not a law enforcement or disciplinary investigation and, thus, the crew chief was not obligated to warn the soldier of his rights under Article 31, UCMJ. In the instant case, 1LT C was performing a legal assistance duty to try to get appellant to pay his client money for his car. This conversation was official, but it was not a law enforcement or disciplinary *488 function. Therefore, no Article 31 rights warning was required. See United States v. Moses, 45 MJ 132 (1996); United States v. Raymond, 38 MJ 136 (CMA 1993); United States v. Loukas, supra; United States v. Fisher, 21 USCMA 223, 44 CMR 277 (1972).
Finally, I would further note that the service appellate court indicated that, at some point in the conversation with appellant, 1LT C questioned him about forgeries. United States v. Guyton-Bhatt, supra. It further stated that at this point, the conversation may have become disciplinary, but no portions of that conversation were admitted at trial. Accordingly, I agree with the Court of Criminal Appeals that this particular situation need not be addressed.